**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| CASEY AND JARED DAVIS, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | **(JURY)** |
| INSURANCE COMPANY AND | § | |
| PHILLIP BUTLER, | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANT ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendant Allstate Vehicle and Property Insurance Company ("Allstate") files this Notice of Removal and Demand for Jury Trial of Cause No. CV22-0826; *Casey and Jared Davis v. Allstate Vehicle and Property Insurance Company and Phillip Butler*, currently pending in the 43rd District Court, Parker County, Texas. Allstate removes the case to the U.S. District Court for the Northern District of Texas, Fort Worth Division. As grounds for removal, Allstate states as follows:

### I.
### OVERVIEW

1. This case involves a dispute over insurance benefits under a Homeowners policy of insurance issued by Allstate to Plaintiffs Casey and Jared Davis, for alleged water and freeze damage to Plaintiffs' home on January 29, 2021 and February 2, 2021, respectively. (*See* Plaintiffs' Petition). Plaintiffs commenced this action, styled *Casey*

*and Jared Davis v. Allstate Vehicle and Property Insurance Company and Phillip Butler* against Allstate by filing their Original Petition on July 12, 2022 under Cause Number CV22-0826 in the 43rd District Court, Parker County, Texas.  Plaintiffs seek to recover monetary damages from the Defendant less than $250,000. Allstate was served with Plaintiff's Petition on July 15, 2022 and filed its State Court answer on August 5, 2022.  Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).  A true and correct copy of all process, pleadings, and the orders served upon Allstate in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a), and are attached hereto as Exhibit "A".

## II.
## DIVERSITY JURISDICTION

2.   The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a).  The Plaintiffs are now and were at the time the lawsuit was filed, residents and citizens of the State of Texas.  (*See* Plaintiff's Petition, p. 2).  Defendant Allstate is an Illinois Corporation with its principal place of business in Illinois. Accordingly, Allstate is a citizen of the State of Illinois and complete diversity exists.  An additional Defendant in the case is Phillip Butler ("Butler"), a citizen of the State of Texas.  His citizenship, however, is irrelevant as he has been improperly joined in this action.  Further, Allstate has elected legal responsibility for his actions pursuant to Texas Insurance Code §542A.006.  Allstate's Election of Legal Responsibility was filed on August 5, 2022.  As such, he is dismissed from the case with prejudice.  *See* TEX. INS. CODE §542A.006.

3. There being complete diversity between the Plaintiffs and Defendant Allstate, this case is properly removed to the U.S. District Court for the Northern District of Texas, Fort Worth Division.

4. Further, the doctrine of improper joinder is an exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum unless the in-state defendants were property joined. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder is demonstrated where (1) there is actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse party in state court. *See Travis v. Irby*, 325 F.3d 644, 646-47 (5th Cir. 2003). In this case the Plaintiffs are unable to establish a cause of action against Butler, thereby rendering his joinder improper.

5. The Plaintiffs' allegations against Butler are generic and formulaic claims under the Texas Insurance Code and are unsupported by real facts. Such claims are in violation not only of the pleading requirements set forth in Rule 91a of the Texas Rules of Civil Procedure, but also the federal pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The allegations against Butler in this case set forth nothing more than bare legal conclusions together with a formulaic recitation of the elements of a cause of action. These generic recitations on their face not only fail to state a viable cause of action under Texas law but also fail to evidence a plausible entitlement to relief to support the joinder of Butler. As such, the allegations against Butler exemplify the badge of improper joinder.

6. Policyholders in Texas have a long history of improperly joining insurance adjusters and agents as party-defendants in first-party suits against their insurance

**NOTICE OF REMOVAL - PAGE 3**

company to recover policy benefits in an effort to avoid removal of the case from state court to federal court. This is yet another example of one such case. The essence of this lawsuit is the Plaintiffs' right of recovery under the insurance contract. Under such circumstances, Danforth has been improperly joined. Because Butler has been improperly joined, the claims against him should not only be disregarded for purposes of determining diversity, but also should also be dismissed in their entirety as a matter of law.

### III.
### REMOVAL PROPER

7. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

8. Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

9. Defendant Allstate, the removing party, will promptly give the parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Allstate will promptly file a copy of this Notice of Removal with the clerk of 16th District Court, Denton County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

10. Defendant hereby demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes Cause No. CV22-0826; *Casey and Jared Davis v. Allstate Vehicle and Property Insurance Company and Phillip Butler*,

currently pending in the 43rd District Court, Parker County, Texas to this Court for trial and determination.

          Respectfully submitted,

          **DAVID ALLEN LAW GROUP, PLLC**

          By: /s/ *David G. Allen*
              David G. Allen
              State Bar No. 00786972
              allen@dallenlg.com
              Brian G. Saucier
              State Bar No. 24037436
              saucier@dallenlg.com

              12222 Merit Drive, Suite 1200
              Dallas, Texas 75251
              (214) 748-5000 Telephone
              (214) 748-1421 Facsimile

          **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On August 15, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

          /s/ *David G. Allen*
          David G. Allen
          Brian G. Saucier